UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**DANIEL A. BERNATH**,                    Civil Case No. 3:11-CV-00599-KI

           Plaintiff,

                          OPINION AND ORDER

               v.

**DAN R. HYATT**, in his individual capacity as
Administrative Law Judge, **SIX UNIDENTIFIED
FEDERAL AGENTS**, in their individual capacities
as Federal Agents, **UNIDENTIFIED POLICE
FORCE HIRED BY UNITED STATES**, an
entity of unknown type, and **JOHN DOES 1-X**,
individuals, **THE UNITED STATES, THE
SOCIAL SECURITY ADMINISTRATION**, an
agency of the United States, and **ROES 1 through
10**, individuals,

           Defendants.

Page 1 - OPINION AND ORDER

Daniel A. Bernath
15532 SW Pacific Hwy
C 1 B Box 404
Tigard, Oregon  97224

       Pro Se Plaintiff


S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204

       Attorneys for Defendants


KING, Judge:

Plaintiff Daniel A. Bernath[1] brings an action against Administrative Law Judge Dan R. Hyatt, six unidentified federal agents, unidentified police force hired by the United States, John Does 1-X, the United States, the Social Security Administration ("SSA"), and Roes 1 through 10 for violation of his civil rights and for negligence.  Pending before me is the defendants' Motion to Dismiss [22], to which Bernath has not responded.  For the following reasons, I grant the motion.

---

[1]Plaintiff is representing himself *pro se* in this case; however, he "has been a member of the California Supreme Court Bar since December 1984" and is listed as an active, licensed attorney in the State of California.  See Compl. ¶ 12; http://www.calbar.ca.gov/ (last visited May 2, 2012).  He was denied admission to the Oregon State Bar.

## FACTUAL ALLEGATIONS

Plaintiff alleges he appeared before ALJ Hyatt, representing claimants in SSA proceedings.  ALJ Hyatt began to insult plaintiff in front of plaintiff's clients during hearings and, in response, plaintiff published nearly 1,000 pages of complaints about ALJ Hyatt.  Plaintiff also complained to the SSA that ALJ Hyatt was dangerous and might attack him one day, and that ALJ Hyatt had published personal information about one of plaintiff's clients.  As a result of the latter complaint, ALJ Hyatt was allegedly suspended without pay "for 5 to 30 days, for Hyatt's theft, lying, [and] violating privacy laws[.]"  Compl. ¶ 24.

Allegedly, after ALJ Hyatt was sentenced with suspension, but before he began serving the punishment, plaintiff and ALJ Hyatt had an altercation whereby ALJ Hyatt "attacked the helpless US Navy service connected disabled plaintiff, striking him repeatedly and causing him personal injury" outside of an elevator.  Compl. ¶ 28.  ALJ Hyatt told police that plaintiff had attacked him and demanded plaintiff be arrested.  Plaintiff declined to speak to the police and he was arrested.  The handcuffs were too tight, plaintiff alleges, and they injured his left wrist.  He claims he suffered kidney failure because he was unable to self-catheterize his neurogenic bladder.

Plaintiff was charged with disorderly conduct and underwent a trial in front of U.S. Magistrate Judge Paul Papak.  United States v. Bernath, CVB OR 45 1208446 (D. Or. Mar. 31, 2010).  Plaintiff alleges ALJ Hyatt lied in his testimony against plaintiff.  Judge Papak convicted plaintiff of the disorderly conduct charge and ordered him to attend anger management classes.

Plaintiff alleges the SSA then "began a sanctions action" against him, because he was a "zealous, effective advocate who was also a newspaper reporter and publisher who regularly published righteously critical articles about agency and agency employee misdeeds." Compl. ¶ 39. Allegedly, plaintiff and the SSA entered into an agreement for plaintiff to slowly stop representing claimants and retire by October 2011 when he reached the age of 62, but plaintiff claims the SSA did not abide by its agreement and he was not permitted to represent anyone from the date of the agreement forward. He also alleges that the SSA "falsely stated" he was in violation of the agreement and would not afford a hearing on that issue.

Plaintiff demands damages from the defendants.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Iqbal, 556 U.S. at 678).

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the

burden of proving that the court has subject matter jurisdiction over his claims.  Kokkonen v.

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

## DISCUSSION

Defendants move to dismiss the first claim for failure to state a claim and the second

claim for lack of subject matter jurisdiction.

I.    Bivens Action

To state a private cause of action under Bivens v. Six Unknown Named Agents, 403 U.S.

388 (1971), plaintiff must allege:  (1) the violation of a right secured by the Constitution of the

United States, and (2) that the alleged deprivation was committed by a federal actor.

Plaintiff alleges he was "extorted and beaten by [ALJ] Hyatt," that ALJ Hyatt "lied to

police causing [plaintiff] to be arrested, seized, subject to cruel and unusual punishment, among

other bad acts [further] described" in the Complaint.  Compl. ¶ 1.  He alleges ALJ Hyatt, "six

unidentified federal agents, unidentified police force hired by United States and Does 1-X"

extorted him, falsely arrested him, testified falsely against him, punished him by taking away his

ability to represent claimants in Social Security proceedings, and slandered him.  Compl. at 14.

He also generally alleges violations of his First, Fourth, Fifth and Eighth Amendment rights.

Defendants contend that plaintiff fails to state a claim against any of the defendants.

Since I agree, I need not address defendants' alternative qualified immunity argument.

A.    ALJ Hyatt

As an initial matter, some of plaintiff's allegations against ALJ Hyatt do not implicate

federal constitutional rights and may not be asserted as a Bivens claim.  For example, the

allegation that ALJ Hyatt slandered plaintiff does not rise to the level of a constitutional

Page 5 - OPINION AND ORDER

violation.  Stiegert v. Gilley, 500 U.S. 226, 233 (1991) (defamation and false light do not

implicate federal constitutional rights).  Furthermore, that allegation, and the following

allegations, are unsupported by sufficient factual content to survive defendants' motion to

dismiss:  that ALJ Hyatt extorted plaintiff, that he had anything to do with plaintiff's

disqualification from participating in Social Security proceedings,  that ALJ Hyatt could be liable

for any alleged excessive force used to arrest plaintiff, or that he violated plaintiff's First, Fifth or

Eighth Amendment rights.

Additionally, plaintiff fails to state a cognizable claim against ALJ Hyatt with respect to

the remaining allegations.  Although he alleges that ALJ Hyatt attacked him outside the elevator,

that the ALJ testified falsely against him, and that the ALJ's false accusations resulted in

plaintiff's unlawful arrest, plaintiff also concedes in his Complaint that he was charged with

disorderly conduct.  The charge arose from the very same altercation he describes in his

Complaint.  Public records reflect–and plaintiff concedes in his Complaint–that Judge Papak

found plaintiff guilty of the charge.  United States v. Bernath, CVB OR 45 1208446 (D. Or.

Mar. 31, 2010).  As a result, these allegations are barred by Heck v. Humphrey, 512 U.S. 477

(1994).

In Heck v. Humphrey, the Supreme Court concluded "that, in order to recover damages

for allegedly unconstitutional conviction or imprisonment, or *for other harm caused by actions*

*whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove

that the conviction or sentence has been" previously invalidated.  Heck, 512 U.S. at 486-87

(emphasis added).  The rationale of Heck applies to Bivens actions.  Martin v. Sias, 88 F.3d 774,

775 (9th Cir. 1996).  Here, plaintiff claims ALJ Hyatt assaulted him, that ALJ Hyatt's false

statements resulted in his arrest without probable cause in violation of the Fourth Amendment, and that ALJ Hyatt testified falsely against him.  Since a judgment in plaintiff's favor on any of these claims would necessarily invalidate his conviction and sentence on the disorderly conduct charge, these claims are barred by Heck.  See Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him); see also Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred false arrest and false imprisonment claims until conviction was invalidated).

In sum, plaintiff's allegations against ALJ Hyatt fail to state a cognizable claim and must be dismissed without prejudice.

        B.        Remaining Individual Defendants

Plaintiff's allegations, that the unidentified federal agents or police extorted him, testified falsely against him, slandered him, or violated his Fourth Amendment rights, are dismissed for the same reasons as those set forth above.

Plaintiff has also alleged a claim for excessive force, claiming the handcuffs injured his left wrist and that because he was unable to self-catheterize he suffered kidney failure.  To state an excessive force claim, a plaintiff must allege facts showing that the officers' conduct was "objectively unreasonable in light of the facts and circumstances confronting them."  Graham v. Connor, 490 U.S. 386, 397 (1989).  The Court must "balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable."  Miller v. Clark Co., 340 F.3d 959, 964 (9th Cir. 2003).

Handcuffing is acceptable under the Constitution even if the crime is minor and the procedure is inconvenient and embarrassing.  Atwater v. City of Lago Vista, 532 U.S. 318, 354-55 (2001).  Excessively tight handcuffing can be a Fourth Amendment violation, but only in situations of significant damage to hands or wrists or when officers refused requests to loosen handcuffs.  See, e.g. Wall v. Cnty. of Orange, 364 F.3d 1107, 1112 (9th Cir. 2004) (handcuffs "extremely tight," defendant picked up by his handcuffed arms and thrown upside down and head first into patrol car; caused permanent nerve damage); LaLonde v. Cnty. of Riverside, 204 F.3d 947, 960 (9th Cir. 2004) (officers refused to loosen handcuffs even after arrestee complained).

Here, the facts as alleged by plaintiff indicate plaintiff and ALJ Hyatt engaged in a physical altercation and, while plaintiff refused to explain what happened to the police, ALJ Hyatt accused plaintiff of attacking him.  Plaintiff then sat for some unidentified amount of time in an office while handcuffed, officers cited him, and he left the office.  Plaintiff does not allege that he asked for the handcuffs to be loosened, that he was handcuffed an unreasonably long time, or that he suffered permanent damage from the handcuffing.  With regard to the kidney failure, plaintiff does not allege how long he was detained, that he was detained an unreasonable length of time, or that he informed officers of his need to self-catheterize and they ignored him.  Because plaintiff fails to allege facts that would give rise to a conclusion the officers acted in an objectively unreasonable fashion, plaintiff fails to state an excessive force claim.

With regard to his allegation that an unnamed Doe defendant punished him by taking away his ability to represent claimants in Social Security proceedings, in retaliation for exercising his First Amendment rights, such a claim fails for at least two reasons.  First, plaintiff fails to identify the defendant who allegedly violated his First Amendment rights, when he knew

or should have known prior to filing the Complaint who was involved in the proceeding.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("John Doe" use not favored, but where

identity of defendants not known, plaintiff should be allowed to discover identity); Wakefield v.

Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (district court erred in dismissal where plaintiff

was not aware of Doe's identity before filing the complaint).   Additionally, such a claim is

precluded by existing statutory remedies.   See Kotarski v. Cooper, 866 F.2d 311 (9th Cir. 1989).

Absent any argument or allegation from plaintiff, I have no reason to believe the relief available

to plaintiff under 42 U.S.C. § 406(a)(1)(B) was insufficient.

II.    Negligence

Plaintiff alleges the SSA was negligent in hiring, supervising and retaining Hyatt.   The

government notes that to proceed with a tort claim against the United States, there must be a

waiver of sovereign immunity.   FDIC v. Meyer, 510 U.S. 471, 475 (1994).   The Federal Tort

Claims Act ("FTCA") includes a limited waiver of sovereign immunity, except in particular

instances that are listed in 28 U.S.C. §§ 2680(a)-(h).   The discretionary function exception is one

of those instances; it preserves the sovereign immunity of the United States with respect to "[a]ny

claim . . . based upon the exercise or performance or the failure to exercise or perform a

discretionary function or duty on the part of a federal agency or an employee of the Government,

whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).   When the discretionary

function exception applies, the FTCA claim must be dismissed for lack of subject matter

jurisdiction.   Sigman v. United States, 217 F.3d 785, 793 (9th Cir. 2000).

Whether the discretionary function exception bars recovery for negligence depends on

two factors.   First, a discretionary act must be involved.   In other words, the act for which

Page 9 - OPINION AND ORDER

liability is sought to be imposed must involve "an element of judgment or choice." <u>United States v. Gaubert</u>, 499 U.S. 315, 322 (1991) (internal quotation omitted).  Therefore, if "a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow," the discretionary function exception does not apply.  <u>Id</u>.  Second, "even assuming the challenged conduct involves an element of judgment, it remains to be decided whether that judgment is of the kind that the discretionary function exception is designed to shield." <u>Id</u>. at 322-23.  "Because the purpose of this exception is to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy . . . , the exception protects only governmental actions and decisions based on considerations of public policy." <u>Id</u>. at 323.

A "plaintiff must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss." <u>Doe v. Holy See</u>, 557 F.3d 1066, 1084 (9th Cir. 2009) (quoting <u>Prescott v. United States</u>, 973 F.2d 696, 702 & n.4 (9th Cir. 1992)).  The Ninth Circuit has repeatedly held that claims of negligent training and supervision, and allegations of failure to warn of dangerousness, are discretionary acts that are excluded by 28 U.S.C. § 2680(a).  <u>See</u> <u>Doe v. Holy See</u>, 557 F.3d at 1084 (citing cases).

The Court lacks subject matter jurisdiction over plaintiff's negligence claims.

III.    <u>Remaining Allegation</u>

One allegation remains with which I have not dealt.  Plaintiff alleges, in the body of his Complaint, that "[t]he Agency proposed that if Bernath would drop all claims against the agency that it would permit Bernath to slowly withdraw from representing clients before Social Security[.]"  Compl. ¶ 39.  He then alleges:

The agency . . . falsely stated that Bernath was in violation of the
agreement [to slowly retire over a period of 12 months]. Bernath was not afforded
a hearing on that issue. Bernath was not permitted a neutral adjudicator as the
hearing officer was a Social Security lawyer, Lyle Olson who represented the
interests of the agency. Bernath was not permitted discovery. Bernath's summary
judgment motion that showed that there was no evidence supporting the claim was
ignored, no hearing was permitted so that Bernath could show that he did not
violate any agreement on the issue of purported breach of the void *ab initio*
agreement, Bernath was not afforded due process of law in that he is 100%
disabled, was unable to defend himself and Rosemary Foster, Esq. requested a
continuance so that she could study the matter as Bernath was "unable to defend
himself" and no lawyer would defend Bernath because of the perception of all
lawyers approached that Social Security runs a "Kangaroo Court", run by Social
Security lawyer Lyle Olson, who "represents the interests of the agency" rather
than adjudicate the facts, who has already decided to rule in favor of the agency
and was merely going through the motions but not honoring US Constitutional
Rights of Bernath to Due Process of Law. As such, the so called agreement is
void *ab initio*.

Compl. ¶ 40.

These allegations are too muddled for me to discern a cause of action. To the extent

plaintiff alleges a due process violation against "the agency," as opposed to an individual, he

does not state a <u>Bivens</u> claim. <u>See</u> <u>FDIC v. Meyer</u>, 510 U.S. at 484-86 (no <u>Bivens</u> action against

a government agency; rather, claim must be directed at a specific individual who allegedly acted

unconstitutionally). To the extent he attempts to allege grounds for reformation of a contract, his

request for relief is limited to damages and he does not request equitable relief. This claim is

dismissed.


///


///


Page 11 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [22] is granted and plaintiff's

Complaint is dismissed without prejudice.

IT IS SO ORDERED.

Dated this _____8th_____ day of May, 2012.


  __/s/ Garr M. King_____
Garr M. King
United States District Judge